In re William R. DICKEY and Laurie R. Dickey, Debtors.

William R. DICKEY and Laurie R. Dickey, Plaintiffs,

v.

BENEFICIAL CONSUMER DISCOUNT COMPANY and Gary J. Gaertner, Chapter 13 Trustee, Defendants.

Bankruptcy No. 97–10415.
Adversary No. 97–1055.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 5, 1997.

Michael J. Graml, Erie, PA, for Debtors.

Paul David Burke, Pittsburgh, PA, for Beneficial Consumer Discount Company.

Gary J. Gaertner, Pittsburgh, PA, Chapter 13 Trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

William R. Dickey and Laurie R. Dickey ("Debtors") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on March 21, 1997. The Debtors filed a Chapter 13 Plan on May 14, 1997 which was subsequently confirmed on August 27, 1997.

The Debtors filed the within Complaint to determine the validity and/or secured status of the claim of Beneficial Consumer Discount Company ("Beneficial") in the Debtors' 1989 Dodge Ram 250 Van ("Vehicle") pursuant to 11 U.S.C. § 502.

Presently before the Court is the Debtors' Motion for Summary Judgment ("Motion"). Beneficial opposes the Motion and avers that summary judgment should be granted in its favor. The sole issue is whether Beneficial has properly perfected its security interest in the Vehicle. There are no material facts in dispute and the matter is ripe for decision.

### Facts

On or about June 23, 1995, Debtors obtained two loans from Beneficial. The first loan was loan number 84872910 and was secured by a first mortgage on the Debtors' residence ("Loan # 1"). The second loan was loan number 84689941 in the original principal amount of $5,503.76, the purpose of which was to allow the Debtors to purchase the Vehicle ("Vehicle Purchase Loan"). The Vehicle Purchase Loan was secured by a second mortgage on the Debtors' residence and by the Vehicle. In connection with the Vehicle Purchase Loan, the Certificate of Title to the Vehicle was properly endorsed with a notation of Beneficial's lien and Beneficial held the Certificate of Title in its possession.

On or about November 15, 1995, Beneficial granted a third loan to the Debtors in the original amount of $1,585.50 at loan number 41403480 ("Vehicle Repair Loan"). The loan documents prepared in connection with the Vehicle Repair Loan provided that Beneficial was to have a security interest in the Vehicle for the loan. At the time of the extension of the Vehicle Repair Loan, Beneficial had, in its possession, the Certificate of Title to the Vehicle with the notation of the existence of a lien in its favor dating from the time of the Vehicle Purchase Loan. Beneficial took no additional steps to perfect a security interest in the Vehicle for the Vehicle Repair Loan.

On November 17, 1995, Beneficial provided the Debtors with a fourth loan, the purpose of which was to consolidate Loan # 1 and the Vehicle Purchase Loan ("Consolidation Loan"). The Consolidation Loan was loan number 41403480 and was secured by a first mortgage lien on the Debtors' residence. Beneficial filed of record a mortgage in connection with the Consolidation Loan.

As of November 17, 1995, two loans existed between the Debtors and Beneficial: the Vehicle Repair Loan and the Consolidation Loan. There is no dispute as to the Consolidation Loan and the mortgage securing it. The dispute concerns whether Beneficial has a properly perfected security interest in the Vehicle covering the Vehicle Repair Loan.

### Positions of the Parties

The Debtors and Beneficial agree that Beneficial properly perfected its security interest in the Vehicle by obtaining a notation of lien on the title at the time of the Vehicle Purchase Loan and that Beneficial held the original title in its possession. The Debtors posit that if Beneficial wanted to perfect a lien on the Vehicle for the Vehicle Repair Loan, it was required to have a second lien in its favor noted on the title. The parties agree that no second lien was noted on the title. The Debtors further posit that when the Vehicle Purchase Loan was paid off by the Consolidation Loan on November 17, 1995, Beneficial was obligated to satisfy the security interest obtained through the Vehicle Purchase Loan and, therefore, once the security interest is satisfied, Beneficial has no interest in the Vehicle, having failed to take the necessary steps to perfect a second interest in the Vehicle for the remaining Vehicle Repair Loan.

Beneficial asserts that it was not required to have a notation of lien placed on the title for the Vehicle Repair Loan when a prior

lien for the Vehicle Purchase Loan had already been noted on the title in its favor. Beneficial posits that the prior lien notation on the title was sufficient to put potential purchasers or lienholders on notice that Beneficial had a lien on the Vehicle and enable them to make inquiry of Beneficial as to its security interest. Beneficial further posits that its security interest for the Vehicle Repair Loan attached and was perfected at the time the loan was made since the Title was already noted with a lien in its favor.

## Discussion

■ Under Pennsylvania law, a security interest in a motor vehicle is not perfected until the Department of Transportation receives application for a certificate of title with information regarding the security interest. 75 Pa.C.S.A. § 1132 (Purdons, 1996). *In re Brace,* 163 B.R. 274, 279 (Bankr.W.D.Pa. 1994). Notice of an encumbrance upon a certificate of title constitutes notice to the world that a lien exists. *Union Nat. Bank and Trust Co. v. Geyer Auction, Inc.,* 76 Montg. 42, 18 Pa. D & C 2d 98, 1958 WL 7343 (Pa.Com.Pl.1958).

■ There is no question that a lien in favor of Beneficial was properly noted on the title in connection with the Vehicle Purchase Loan. When the Debtors obtained the Vehicle Repair Loan, the Vehicle Purchase Loan still remained outstanding and Beneficial continued to hold the title with a lien noted in its favor noted on the title.

The Debtors assert that when Beneficial granted the Vehicle Repair Loan, it was required to return the title to the Department of Transportation pursuant to 75 Pa.C.S.A. § 1133(b) so that the title could be noted with a subordinate lien.

§ 1133(b) provides:

§ 1133 Creation of security interest for titled vehicle . . .

(b) **Where certificate is in possession of lienholder.**—Upon request of the owner or subordinate lienholder, a lienholder in possession of the certificate of title shall mail or deliver the certificate to the department or, upon receipt from the subordinate lienholder of the application of the owner and the required fee, mail or deliver them to the department with the certificate. The delivery of the certificate does not affect the rights of the first lienholder under his security agreement.

75 Pa.C.S.A. § 1133(b) (Purdons, 1996).

The purpose of § 1133(b) is to provide a method for a second, different lienholder to perfect a subordinate security interest. It does not mandate that the primary lienholder submit the title to have a second lien noted in its favor.

According to the Debtors, Beneficial was again required to return the title to have the first lien satisfied when the Vehicle Purchase Loan was paid off by the Consolidation Loan on November 17. Thus, the Debtors assert that since Beneficial is required to satisfy its first lien and since no second lien exists, Beneficial has no security interest in the Vehicle.

We find no basis in the Motor Vehicle Code which requires the course of action mandated by the Debtors. The law does not require a useless act. *In re Country World Casinos, Inc.,* 202 B.R. 500, 510 (Bankr. D.Colo.1996), *In re Bell & Beckwith,* 89 B.R. 632, 640 (Bankr.N.D.Ohio 1988). The Debtors unquestionably agreed to provide the identical collateral to Beneficial for both the Vehicle Purchase Loan and the Vehicle Repair Loan. The intent was that Beneficial hold the title until both loans were satisfied.

The purpose of having a lien noted on the title is to give notice to the world that Beneficial might claim a security interest in the Vehicle. A second notation of lien in favor of Beneficial is unnecessary. The fact that Beneficial has a lien is already apparent from the record. The Debtors claim the status of the Trustee. Anyone, including a trustee, put on inquiry notice by the lien already noted on the title would surely discover that the parties had entered into a second loan secured by the Vehicle.

The law applicable to perfection of a lien on a vehicle may be different than that applicable to a real estate mortgage. "[a] mortgage which does not specifically indicate that it covers future advances gives the mortgagee no lien on the mortgaged property other than for the unpaid portion of the original advance." *Western Pennsylvania National Bank v. Peoples Union Bank and Trust Co.,*

439 Pa. 304, 266 A.2d 773 (1970). This is because "[a] mortgage is a formal document of a specific character, and should be strictly construed." *Id.* "If a mortgage indicates on its face ... that it covers only a specific advance of funds, then it can secure only the unpaid portions of the original loan." *Id.*

The lien information required to be on the certificate of title to a vehicle is only the secured creditor's name and address; no amount or due date is shown or required to be shown. Thus, the lien information on the certificate of title here is identical to what it would have been if the title certificate had been surrendered and reissued as Debtor suggests is a requirement.

### Conclusion

The Certificate of Title to the Vehicle was at all times material hereto properly endorsed with a notation of lien in favor of Beneficial. The Certificate of Title remained in Beneficial's possession. The world was on notice to make inquiry. Both the Vehicle Purchase Loan and the Vehicle Repair Loan provide for the Debtors to grant a security interest in favor of Beneficial. Value was received by the Debtors. Nothing more is required. The claim of Beneficial involving the Vehicle is a secured claim.